IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 3:15cr118-MHT |
| | ) | (WO) |
| DERRIS DEANTHONY BRADFORD | ) | |

OPINION AND ORDER

Defendant Derris Deanthony Bradford, who is now proceeding without counsel and is representing himself, is charged in a two-count indictment with knowing and willful use of an unauthorized access device with intent to defraud, in violation of 18 U.S.C. § 1029(a)(2), and aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1). Bradford entered a guilty plea to the first charge pursuant to a plea agreement. This case is now before the court on his motion to withdraw that plea. For the reasons that follow, his motion will be denied.

## I.  BACKGROUND

Bradford's charges stem from allegations that he and co-defendant Myesha Aleta McCray used an unauthorized access device to purchase a lawn mower, and in purchasing that item affected interstate commerce.  The court appointed counsel to represent him.

He has wavered about whether to plead guilty.  His counsel first filed a notice of intent to change his plea to guilty, but Bradford did not enter this plea at the scheduled change-of-plea hearing.  The deadline for changing his plea then passed, and the court notified Bradford and his attorney that his trial would proceed as scheduled.

At a later hearing on the government's motion to amend the indictment, Bradford expressed his displeasure with his attorney and claimed ineffective assistance of counsel.  However, Bradford changed course during that hearing, told the court that he wanted his attorney to continue representing him, and

renewed his request to plead guilty. During the plea colloquy, and being particularly sensitive to Bradford's earlier challenge to the adequacy of his attorney's representation, the court questioned Bradford about his current satisfaction with his counsel's representation, and Bradford affirmed that he was satisfied. He further affirmed that no one was forcing him to take the plea, and that he was doing so of his own free will. The court accepted his plea, the plea agreement terms being read on the record. The terms include Bradford's guilty plea to count one of the indictment in exchange for the government's recommending a sentence at the lowest end of the Sentencing Guidelines range for that count, and dismissing count two. The court set sentencing for about four months later.

Less than a week after Bradford pled guilty, he changed course again and moved to withdraw his guilty plea. He also wrote a letter to the court stating that his attorney had forced him to plead guilty.

The court held a hearing on Bradford's motion to withdraw his guilty plea. There, Bradford repeated his allegations that his attorney provided ineffective assistance of counsel, and he elected to represent himself, but with his attorney serving as standby counsel. (Bradford's standby counsel had been his second attorney in this matter. Bradford also complained about the adequacy of his first attorney's representation, and that attorney was allowed to withdrew from his case.)

Finally, the government brought a superseding indictment shortly after Bradford's plea withdrawal hearing. The superseding indictment added four counts: two more counts of knowing and willful use of an unauthorized access device with intent to defraud and two more counts of aggravated identity theft. The court held a hearing on the impact of the superseding indictment on Bradford's case. During the hearing, the government conceded that it would have to dismiss the superseding indictment as to Bradford if the court were

to decide not to allow Bradford to withdraw his plea. In light of this, Bradford reaffirmed that he still wanted to withdraw his plea and the government made clear that it still opposed the withdrawal.

## II. DISCUSSION

"[A} defendant enjoys no absolute right to withdraw a guilty plea before sentencing." <u>United States v. McCarty</u>, 99 F.3d 383, 385 (11th Cir. 1996). Federal Rule of Criminal Procedure 11(d) states, in relevant part, "A defendant may withdraw a plea of guilty . . . after the court accepts the plea, but before it imposes the sentence if . . . the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). "Fair and just reasons for withdrawal include inadequate Rule 11 plea colloquies, newly discovered evidence, intervening circumstances, or <u>any other reason for withdrawing the plea that did not exist when the defendant entered his plea</u>." <u>United States v. Ortega-Ascanio</u>, 376 F.3d 879,

883 (9th Cir. 2004) (emphasis added) (internal quotation marks and citations omitted). While "presentence motions to withdraw should be liberally construed," McCarty, 99 F.3d at 385, "[t]he decision to allow withdrawal is left to the sound discretion of the trial court," United States v. Buckles, 843 F.2d 469, 471 (11th Cir. 1988).

To determine whether the defendant has shown a fair and just reason for withdrawal, the court should assess the "totality of the circumstances surrounding the plea." Buckles, 843 F.2d at 471-472. This assessment includes consideration of "(1) whether close assistance of counsel was available; (2) whether the plea was knowing and voluntary; (3) whether judicial resources would be conserved; and (4) whether the government would be prejudiced if the defendant were allowed to withdraw his guilty plea." Id. at 472; see also United States v. Gonzalez-Mercado, 808 F.2d 796, 801 (11th Cir. 1987) (holding that, when a defendant "received close and adequate assistance of counsel and entered

6

his plea knowingly and voluntarily," the court need not give considerable weight to the other factors). "The good faith, credibility and weight of a defendant's assertions in support of a motion [to withdraw] are issues for the trial court to decide." Buckles, 843 F.2d at 472.

In his withdrawal motion and subsequent letter to the court, Bradford argues that his guilty plea should be withdrawn because his counsel was ineffective. He contends that his attorney coerced him into pleading guilty, and made unreasonable pre-trial decisions including failing to file a motion to suppress evidence that Bradford contends was seized without a warrant from his car, his person, and his hotel room, and failing to file a motion to dismiss the indictment based on an inaccuracy in it. He further contends that his lawyer was ineffective for actually asking to view a video of him and his co-defendant purchasing a lawnmower from Home Depot. Bradford claims the video further incriminated him. At the hearing on the

7

government's motion to amend the indictment, his attorney explained that he did not file the suppression motions because he researched the issues and determined that he did not have legal support for the motions; his response reflected the exercise of professional judgment. Further, at the withdrawal hearing he denied coercing Bradford into pleading guilty.

Bradford's arguments are addressed in the first two factors of the <u>Buckles</u> 'totality of the circumstances' test, namely whether close assistance of counsel was available and whether the plea was knowing and voluntary.

Here, Bradford had an attorney. However, the court will assume for the purpose of argument that a defendant can be denied close assistance of counsel by ineffective representation. To establish a claim of ineffective assistance of counsel, "the defendant [must] show that counsel's representation fell below objective standard of reasonableness, and that there is a reasonable probability that, but for counsel's

8

unprofessional errors, the result of the proceeding would have been different." Hill v. Lockhart, 474 U.S. 52, 59 (1985).  "Defense counsel's performance can serve as the requisite 'fair and just reason' for withdrawal [of a guilty plea] only if [a defendant] demonstrates both that his attorney's performance was deficient and that he was prejudiced by it." United States v. Murphy, 572 F.3d 563, 568 (8th Cir. 2009)

Bradford has not established a fair and just basis for allowing him to withdraw his plea.  First, while Bradford now contends that his lawyer was not effective, he testified at the change-of-plea colloquy that he was satisfied with his attorney's representation.  "There is a strong presumption that the statements made during the [plea] colloquy are true."  United States v. Medlock, 12 F.3d 185, 187 (11th Cir. 1994).  A defendant "bears a heavy burden to show his statements [under oath] were false." United States v. Rogers, 848 F.2d 166, 168 (11th Cir.1988). Based on his demeanor and testimony during the

9

guilty-plea colloquy, the court found, and still finds, his testimony that he was satisfied with his attorney credible.  As a result, the court does not find his current claims that his counsel was ineffective to be credible or made in good faith.

Second, there is a "strong presumption" that an attorney makes "all significant decisions in the exercise of reasonable professional judgment." <u>Chandler v. United States</u>, 218 F.3d 1305, 1314 (11th Cir. 2000) (quoting <u>Strickland v. United States</u>, 468 U.S. 668, 669 (1984)).  Bradford has not defeated that presumption here.  Bradford's attorney explained that he researched the applicable law and determined that there was inadequate support for a motion to suppress. At the hearing on Bradford's motion to withdraw his plea, the government made representations that would establish that Bradford's attorney's actions were reasonable because none of the searches were illegal. The government represented that Bradford's co-defendant, McCray, consented to the search of the

10

car, which is an exception to the illegality of warrantless searches, see Bates v. Harvey, 518 F.3d 1233, 1243-1244 (11th Cir. 2008) (discussing consent exception), and that in any event, the police obtained a warrant for the search; that the search of Bradford's person was conducted incident to his lawful arrest, see Holmes v. Kucynda, 321 F.3d 1069, 1082 (11th Cir. 2003) (discussing search incident to arrest exception); and that Bradford and McCray had abandoned their hotel room, as they had not paid rent, so that search was also permissible.  United States v. Cofield, 272 F.3d 1303, 1306 (11th Cir. 2001) (stating that "an individual who abandons or denies ownership of personal property may not contest the constitutionality of its subsequent acquisition by the police").  While Bradford took issue with these representations, he did not give the court any substantial reason to discredit them. "To demonstrate a fair and just reason for withdrawal of a plea, [a defendant] must do more than desire to contest the search; he must demonstrate that his

11

position has merit." <u>United States v. Jones</u>, 479 F.3d 975, 978 (8th Cir. 2007).

But perhaps most importantly, because Bradford appears to be intelligent; because, from the court's observations, he has been personally and deeply involved from the get go in his attorney's actions and decisions, including the legal and factual basis for them; and because, at his guilty-plea hearing, he represented to the court that he was satisfied with his attorney's representation (which meant that he agreed with his attorney's assessment of the legal and factual merit, or lack thereof, of any defense and that he was accord with the manner in which his attorney had exercised professional judgment based on this assessment), the court does not credit his current contrary factual and legal contentions.

Indeed, the attorney who represented Bradford at his guilty-plea hearing was his second court-appointed attorney. The court appointed him a new attorney because he was dissatisfied with the legal

representation of first one.  Moreover, this was not the first time that Bradford has claimed he was dissatisfied with his second attorney's legal representation.  Prior to entering his guilty plea, he claimed such but then changed his mind.  Bradford has been anything but a passive client for his attorneys, and he has not been hesitant in any way in letting the court know when he disagreed with what his attorneys were doing.  When he said at his guilty-plea hearing that he was satisfied with his attorney's legal representation he meant it, and he meant it with full and intimate knowledge of the factual and legal issues in his case and in full agreement with the professional judgment his attorney was exercising.

It is most apparent to the court that Bradford's challenge to his attorney's representation is nothing more than a mere after-the-fact change of heart about his guilty plea.  He has not come forward with anything (factually or legally) that he did not know before he entered his plea.  Based on the government's

13

representations and Bradford's responses and actions throughout this litigation, the court concludes that his attorney's decision not to file motions to suppress was not unreasonable.

Third, because the inaccuracy in the indictment--namely, an error in the description of the access device Bradford allegedly used--would not have resulted in dismissal of the indictment, Bradford's counsel's failure to file a motion to dismiss was not unreasonable.  An indictment includes a fatal defect if it "fails to invoke a court's jurisdiction or to state an offense," neither of which occurred here.  United States v. Diveroli, 729 F.3d 1339, 1341 (11th Cir. 2013) (internal citations omitted); see also United States v. Johnson, 741 F.2d 1338, 1340-1341 (11th Cir. 1984).  The inaccuracy in the description of the access device is not a 'fatal defect' because it does not impact jurisdiction.  Compare United States v. McIntosh, 580 F.3d 1222, 1228 (11th Cir. 2009)

(indictment that included wrong date of offense was not subject to dismissal on that basis.)

Finally, as the government was already in the process of retrieving the video when Bradford's attorney inquired about it, the attorney's request alone did not incriminate Bradford. In any case, Bradford has not shown that his attorney's decision to examine potential evidence against him was objectively unreasonable. In sum, Bradford has not shown that his counsel's actions fell below an objective standard of reasonableness, let alone that those actions prejudiced him, and accordingly, he has not established that he received ineffective assistance of counsel. Bradford has not met his burden to show that he did not receive close assistance of counsel.

As to the second <u>Buckles</u> factor, Bradford argues that his plea was not knowing and voluntary because his attorney coerced him into pleading guilty. The court does not find this contention credible, and the other evidence in the record does not support it.

15

Here, there is every indication in the record that Bradford's plea was knowing and voluntary.  During the plea hearing, the court allowed Bradford several opportunities to talk with his attorney in private about whether he wanted to plead guilty.  See Bradford Change of Plea Tr. (doc. no. 146) at 39:24-25 – 40:1-17; 69:17-25 – 70:1-16; 71:18-25 – 72:1-6.  Bradford confirmed, before pleading guilty, that no one had coerced him into changing his plea to guilty, id. at 63:10-12, and that he was pleading based on the promises made in his plea agreement and nothing more, id. at 63:13-15.  He pled guilty only after the court emphasized that he would be waiving his right to trial, and he affirmed that he understood.  See id. at 57:5-10;73:5-7.  Further, Bradford appeared very attentive during the hearing, as he clarified every detail to ensure that he was pleading guilty to the correct charge.  Lastly, Bradford was on notice when he entered his plea that he would not necessarily be able to withdraw it.  The court warned him, "If you enter this

16

guilty plea, you'll have no right to withdraw it"; Bradford affirmed that he understood that statement. Bradford Change of Plea Tr. (doc. no. 146) at 72:19-25 -- 73:1-7.

Finally, as explained in more detail above, Bradford has been anything but a passive client for his counsel, and he has not been in the least bit hesitant to let the court know when he disagreed with what his counsel was doing. It is highly unlikely that, absent physical force, Bradford could be coerced into doing anything he did not want to do in this litigation.

Not only is "there . . . a strong presumption that the statements made during the [plea] colloquy are true," Medlock, 12 F.3d at 187, but the court finds from its own personal observations of Bradford at the hearing that his representations were truthful, credible, knowing, and voluntary. Admittedly, a "guilty plea is not knowingly and voluntarily waived . . . if the defendant does not receive reasonably effective assistance of counsel in

17

connection with the decision to plead guilty." McCoy v. Wainwright, 804 F.2d 1196, 1198 (11th Cir. 1986). However, as discussed above, because Bradford has not shown that he received inadequate or ineffective counsel, his plea was not involuntary for that reason.

As to the remaining two Buckles factors--the interest in conserving judicial resources and the potential for prejudice to the government--the court finds that they are neutral. Moreover, when a defendant has received close assistance of counsel and the defendant's plea was knowing and voluntary, the court need not give these other factors considerable weight. United States v. Gonzalez-Mercado, 808 F.2d 796, 801 (11th Cir. 1987)

While the court need not base its decision on Bradford's likelihood of success at trial, the court notes that Bradford's chances of acquittal at trial appear slim based on his own admissions and statements before this court. He already admitted his guilt before entering a plea, stating "I did it." See

18

Bradford Change of Plea Tr. (doc. no. 146) at 17:19-21. Further, Bradford stated that if he went to trial, he would claim that he was coerced to commit the offense, see id. at 17:21-25 – 18:1-8; however, based on the admittedly limited testimony as to the underlying offense the court has heard from him, see id., it seems unlikely that Bradford would be entitled to a jury instruction for coercion and duress. See United States v. Wattleton, 296 F.3d 1184, 1196 n.20 (11th Cir. 2002) (stating that "[t]o establish a coercion or duress defense, 'a defendant must show that he acted under an immediate threat of death or serious bodily injury, that he had a well-grounded fear that the threat would be carried out, and that he had no reasonable opportunity to escape or inform [the] police.'") (emphasis added) (quoting United States v. Alzate, 47 F.3d 1103, 1104 (11th Cir. 1990)). In sum, if Bradford's attorney advised him that his chances at trial were not good, this was not only not bad advice, it was wise advice.

Upon consideration of the totality of the circumstances, the court holds that Bradford has failed to present a fair and just reason for withdrawal of his guilty plea.

\* \* \*

Accordingly, it is ORDERED that defendant Derris Deanthony Bradford's motion, as amended, to withdraw his guilty plea (doc. nos. 135 and 136) is denied.

DONE, this the 16th day of February, 2016.

                                          /s/ Myron H. Thompson
                                    **UNITED STATES DISTRICT JUDGE**