IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION

```
UNITED STATES OF AMERICA    )
                            )    CRIMINAL ACTION NO.
    v.                      )      3:15cr118-MHT
                            )           (WO)
DERRIS DEANTHONY BRADFORD   )
```

OPINION AND ORDER

This cause is before the court on the government's motion to continue orally made in open court on March 1, 2016.  For the reasons set forth below, the court finds that jury selection and trial, now set for April 4, 2016, on a superseding indictment, should be continued pursuant to 18 U.S.C. § 3161(h)(7) and 18 U.S.C. § 3161(h)(1)(G).

While the granting of a continuance is left to the sound discretion of the trial judge, United States v. Stitzer, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161.  The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or

>indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

18 U.S.C. § 3161(c)(1).

The Act excludes from the 70-day period any continuance based on "findings that the ends of justice served by taking such action outweigh the best interests of the public and the defendant in a speedy trial."  § 3161(h)(7)(A).  In granting such a continuance, the court may consider, among other factors, whether the failure to grant the continuance would "result in a miscarriage of justice." § 3161(h)(7)(B)(i).  The Act also excludes "delay resulting from consideration by the court of a proposed plea agreement to be entered into by the defendant and the attorney for the Government."  18 U.S.C. § 3161(h)(1)(G).

In this case, the ends of justice served by granting a continuance outweigh the interest of the public and Bradford in a speedy trial. Bradford has already pled guilty, before a magistrate judge, to the original indictment, with sentencing scheduled on April 28, after the scheduled April 4 trial on the superseding indictment. If, as part of the April 28 sentencing, the court accepts the plea agreement that underlies Bradford's guilty plea, a trial on the superseding indictment will be unnecessary; indeed, under those circumstances, the superseding indictment will be dismissed.

Moreover, the period of time after Bradford's guilty plea is excluded from the speedy trial calculation because the court is considering whether to accept the plea agreement.

Finally, Bradford does not oppose the continuance.

Given these circumstances, a continuance in this matter is warranted.

***

Accordingly, it is ORDERED as follows:

(1) The government's oral motion for continuance (doc. no. 188) is granted.

(2) The jury selection and trial for defendant Derris Deanthony Bradford, now set for April 4, 2016, are reset for August 1, 2016, at 10:00 a.m., at the Federal Courthouse in Opelika, Alabama, 500 South 7th Street, Opelika, Alabama.

DONE, this the 2nd day of March, 2016.

/s/ Myron H. Thompson
**UNITED STATES DISTRICT JUDGE**