**IN THE DISTRICT COURT OF THE UNITED STATES FOR THE**

**MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | **CRIMINAL ACTION NO.** |
| **v.** | ) | **3:15cr118-MHT** |
| | ) | **(WO)** |
| **DERRIS DEANTHONY BRADFORD** | ) | |

OPINION AND ORDER

On June 12, 2019, the court amended the pending revocation petition (doc. no. 265) to reflect four new charges that defendant Derris Deanthony Bradford violated the mandatory condition of supervised release that he refrain from any unlawful use of a controlled substance, as follows: (1) on or about February 21, 2019, he allegedly tested positive for use of marijuana; (2) on or about March 25, 2019, he allegedly tested positive for use of marijuana; (3) on or about April 25, 2019, he allegedly tested positive for use of marijuana; and (4) on or about May 8, 2019, he allegedly tested positive for use of marijuana. *See* Order (doc. no. 287). The other charges in the petition were resolved independently. *See* Corrected

Revocation Judgment (doc. no. 289). Defense counsel was directed to submit to the court a proposal to address Bradford's apparent drug addiction. *See* Order (doc. no. 287). The proposal was to address whether Bradford wished to participate in the modified-HOPE model. *See United States v. Newman*, 350 F. Supp. 3d 1218 (M.D. Ala. 2018) (Thompson, J.). A hearing was set for July 8.

At the July 8 hearing, the parties agreed to the dismissal without prejudice of the pending four new charges and Bradford himself, voluntarily and knowingly, represented to the court that he agreed to a modified-HOPE model to address his addiction, although the one he agreed to differed somewhat from the one in *Newman*. The government, probation, and the court also agreed to this modified proposal.

**\*\*\***

Accordingly, based on the representations made in open court on July 8, 2019, it is ORDERED as follows:

(1) The above four additional charges of violations of the conditions of supervision against defendant Derris Deanthony Bradford are dismissed without prejudice.

(2) As a special condition of supervision imposed for his previously adjudicated violations, defendant Bradford shall serve four weekends in jail as determined by his supervising probation officer. *See* Corrected Revocation Judgement (doc. no. 289) at 6.  He shall report for his sentence on Fridays at 5:00 p.m. and shall be released no later than 5:00 p.m. on Sundays.  *See id.*

(3) The following conditions shall also apply to defendant Bradford's new term of supervised release:

   (A) All previously imposed conditions of supervised release in place at the time of revocation shall remain in effect, including the regular, random drug testing.

(B) For each new instance in which the probation officer receives information that defendant Bradford tested positive for marijuana[*]--or failed to appear for a drug test without good cause--the probation officer will file with the court a Request for Modifying the Conditions or Term of Supervision with Consent of the Offender. The modification will read as follows: Beginning on a date directed by the probation officer, defendant Bradford shall serve two days at a jail facility to be designated by the Federal Bureau of Prisons. Defendant Bradford shall surrender for service of this term no later than 6:00 p.m. on the designated date and shall be released no later than 6:00 p.m. two days later. Defendant Bradford's failure to report on time for service of this sentence will be considered a

---

[*] A positive test for an unlawful substance other than marijuana will not be covered by this agreement and will be treated like any other violation of supervised release conditions.

violation of supervision and will subject him to further penalties, which may include revocation of supervision.

(C) If the probation officer files the request for modification, as provided in subparagraph (B) above, defendant Bradford will sign a Waiver of a Hearing to Modify Conditions of Probation/Supervised Release or Extend Term of Supervision, which shall agree to the modification.

(D) Once a date and jail facility have been designated by the Bureau of Prisons, no modifications can be made as to the date or time of surrender.

(E) Defendant Bradford should make transportation arrangements to ensure his successful surrender to the designated jail facility.

(F) Probation shall file a separate report with the court confirming that defendant Bradford in fact served the jail term.

(G) If defendant Bradford fails to report for service of a sentence pursuant to subparagraph (B), the probation officer will file a Petition for a Warrant or Summons for Offender Under Supervision.

(H) Any positive drug screen results will be shared with his substance abuse treatment provider, which could result in his re-assessment for treatment services.

(I) If defendant Bradford tests positive for marijuana and/or fails to appear for a drug test without good cause three times, the court will hold a hearing to re-evaluate this sentence and treatment approach.

(J) Both the court and defendant Bradford retain the right to withdraw from the agreement; however, if defendant Bradford

withdraws following a positive test or failure to appear for a test without good cause, probation shall still file a Request for Modifying the Conditions or Term of Supervision with Consent of the Offender, as provided in subparagraph (B).

DONE, this the 8th day of July, 2019.

                                        /s/ Myron H. Thompson
                                       **UNITED STATES DISTRICT JUDGE**